IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>Plaintiff,<br><br>v.<br><br>**BURTON CUMMINGS,**<br><br>Defendant. | **Case No.** 25-03125-01-CR-S-MDH |

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1. **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri, represented by ~~Acting~~ United States Attorney ~~Jeffrey P. Ray~~ R. Matthew Price and Assistant United States Attorney Patrick Carney (otherwise referred to as "the Government" or "the United States"), and the defendant, **BURTON CUMMINGS** ("the defendant"), represented by Celeste Johns, Assistant Federal Public Defender.

The defendant understands and agrees that this plea agreement is only between him and the United States Attorney for the Western District of Missouri, and that it does not bind any other federal, state or local prosecution authority or any other government agency, unless otherwise specified in this agreement or any addendum thereto.

2. **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to the one-count Information, charging him with a violation of 26 U.S.C. § 7201, that is, tax evasion - payment. By entering into this plea agreement, the defendant admits that he knowingly committed this offense, and is, in fact, guilty of this offense.

3. **<u>Factual Basis for Guilty Plea</u>.** The parties agree that the facts constituting the offense to which the defendant is pleading guilty are as follows:

At all times relevant, the defendant, Burton Cummings, was a resident of Branson, Taney County, Missouri, in the Western District of Missouri.

During the calendar year 2017, Burton Cummings (Cummings), resided in Branson, Taney County, in the state of Missouri, within the Western District of Missouri. During this time, Cummings owned and operated several different companies involved in the time-share exit industry, each with offices also located in the Western District of Missouri.

Specifically, during the calendar year 2017, Cummings had and received gross income of $429,029, with a tax liability of $120,236. Cummings had $40,000 in taxes withheld during the year, which left $80,236, due per the tax return. Cummings did not make any voluntary payments on the account after he filed the tax return. Cummings has received numerous notices from the Internal Revenue Service (IRS) that informed him of his outstanding taxes, penalties, and interest. Cummings to several steps to evade the IRS' tax collection efforts. Those steps included the following:

(a) Cummings made false verbal statements to an IRS Revenue Officer when he advised that he had no income and not received draws from his business, RSI, in four months.

(b) Cummings submitted false Forms 433A, Collection Information Statements to the IRS during its collection efforts. These misrepresentations included understating the equity he owned in his personal residence and other real estate, as well as failing to disclose all income sources.

(c) Cummings took significant cash withdrawals from RSI and failed to disclose the withdrawals/additional income to his Certified Public Accountant (CPA) and to the IRS.

(d) Cummings failed to file timely returns for multiple years and made no payments following the 2020 tax year.

(e) Cummings continued to enrich his lifestyle rather than paying debts owed to the IRS.

Cummings owes approximately $151,883.00 in taxes for the year 2017. This amount includes the prior assessment of $125,576.42 and the additional tax due and

owing, in the amount of $81,439.00, for cash withdrawals taken out by Cummings and not reported to his CPA and the IRS. This was done during the year 2017, in violation of Title 26, United States Code, Section 7201, evading payment of taxes.

In total, regarding taxes owed by Cummings for the years of 2013, 2014, 2017, 2018, 2020 thru 2024, the amount equals $825,297.81. Cummings was repeatedly notified regarding the taxes, interest, and penalties owed. Based on a financial analysis conducted by the IRS, Cummings had funds to make payments on his delinquent tax and estimated tax payments for new debt he was accruing but chose not to make these payments.

During the aforementioned calendar years, Cummings had and received gross income from his employment with these companies that resulted in the accumulation of $1,604,729.02 in individual tax liabilities (including penalties and interest), which he failed to pay to the Internal Revenue Service ("IRS"), further specified below:

| Tax Year | Tax Balance | Additional Tax | Total |
|---|---|---|---|
| 2013 | $71,198.81 | | $71,198.81 |
| 2014 | $383,237.00 | | $383,237.00 |
| 2015 | $0.00 | | $0.00 |
| 2016 | $0.00 | | $0.00 |
| 2017 | $70,444.00 | $81,439.00 | $151,883.00 |
| 2018 | $5,835.00 | $77,017.00 | $77,017.00 |
| 2019 | $0.00 | $3,066.00 | $3,066.00 |
| 2020 | $11,259.00 | | $11,259.00 |
| 2021 | $23,817.00 | | $23,817.00 |
| 2022 | $64,269.00 | | $64,269.00 |
| 2023 | $0.00 | $33,844.00 | $33,844.00 |
| 2024 | $0.00 | $5,707.00 | $5,707.00 |
| **Total** | **$630,059.81** | **$195,238.00** | **$825,297.81** |

Ultimately, Cummings failed to make an income tax return or failed to pay to the IRS the income tax on or before April 15 for the majority of the aforementioned calendar years, but specifically evaded paying the income taxes he owed for the calendar year 2017, in the amount of $151,883.00.

IRS-Criminal Investigations Special Agent Alisha Campbell interviewed Cummings. Cummings admitted to intentionally evading paying the taxes he owed to the IRS for 2017 in the amount of $151,883.00. Further, Cummings admitted that he evaded paying income taxes as noted in the table above and that amount owed by him currently totals $825,297.81 in taxes. During the interview,

Cummings acknowledged that he was required to file and pay taxes to the United States and to the State of Missouri and had failed to do so.

The crux of Cummings statements included that he knew he owed taxes and he knew he did not pay taxes. Cummings statements also admitted the following: (a) He made false verbal statements to the IRS Revenue Officer when he said he had no income and had not received draws from his business in four months; (b) He submitted false Forms 433A, Collection Information Statements, to the IRS during collection efforts; (c) He took significant cash withdrawals from RSI (one of his companies) and failed to disclose these withdrawal income to his CPA and the IRS; (d) He failed to file timely tax returns for multiple years and made no payments following the 2020 tax year; and (d) and continue to enrich his lifestyle and intentionally failed to pay debts he knew were owed to the IRS.

Cummings admits that he had a duty to file tax documents in the year of 2017 that contained correct and truthful information. When Cummings intentionally and willfully attempted to evade and defeat payment of income tax due and owing by him to the United States of America for the calendar year 2017, by committing the follow affirmative acts, among others: (a) by making false statements to IRS Revenue Officers; (b) providing false information on two separate Forms 433A-collection Information Statements; and (c) and failing to report cash withdrawals from his business to his CPA and to the IRS that should have been reported as income. These actions occurred in Branson, Taney County, Missouri, within the Western District of Missouri, all in violation of Title 26, United States Code, Section 7201.

4. **Use of Factual Admissions and Relevant Conduct.** The defendant acknowledges, understands and agrees that the admissions contained in paragraph 3 and other portions of this plea agreement will be used for the purpose of determining his guilt and advisory sentencing range under the United States Sentencing Guidelines ("U.S.S.G."), including the calculation of the defendant's offense level in accordance with U.S.S.G. § 1B1.3(a)(2). The defendant acknowledges, understands and agrees that all other uncharged, related criminal activity may be considered as "relevant conduct" pursuant to U.S.S.G. § 1B1.3(a)(2) in calculating the offense level for the charge to which he is pleading guilty.

5. **Statutory Penalties.** The defendant understands that, upon his plea of guilty to the sole count of the Information, charging him with a violation of 26 U.S.C. § 7201, that is, tax evasion - payment, the maximum penalties the Court may impose are not more than five years imprisonment, three years of supervised release, a fine of $250,000, the costs of prosecution of the offense, an order of restitution, and a $100 mandatory special assessment, which must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class D felony.

6. **Sentencing Procedures.** The defendant acknowledges, understands, and agrees to the following:

a. In determining the appropriate sentence, the Court will consult and consider the United States Sentencing Guidelines promulgated by the United States Sentencing Commission; these Guidelines, however, are advisory in nature, and the Court may impose a sentence either less than or greater than the defendant's applicable Guidelines range, unless the sentence imposed is "unreasonable."

b. The Court will determine the defendant's applicable Sentencing Guidelines range at the time of sentencing.

c. In addition to a sentence of imprisonment, the Court may impose a term of supervised release of up to three years for the sole count of the Information; the Court must impose a period of supervised release if a sentence of imprisonment of more than one year is imposed.

d. If the defendant violates a condition of his supervised release, the Court may revoke his supervised release and impose an additional period of imprisonment of up to 2 years for the sole count of the Information, without credit for time previously spent on supervised release. In addition to a new term of imprisonment, the Court also may impose a new period of supervised release, the length of which cannot exceed three years, less the term of imprisonment imposed upon revocation of the defendant's first supervised release.

e. The Court may impose any sentence authorized by law, including a sentence that is outside of, or departs from, the applicable Sentencing Guidelines range.

f. Any sentence of imprisonment imposed by the Court will not allow for parole.

g. The Court is not bound by any recommendation regarding the sentence to be imposed or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Office.

h. The defendant may not withdraw his guilty plea solely because of the nature or length of the sentence imposed by the Court.

7. **<u>Government's Agreements</u>.** Based upon evidence in its possession at this time, the United States, as part of this plea agreement, agrees not to bring any additional charges against the defendant for any federal criminal offenses related to the conduct set forth in the Information and factual basis to this plea agreement, for which it has venue, and which arose out of the defendant's conduct described above.

The defendant understands that this plea agreement does not foreclose any prosecution for an act of murder or attempted murder, an act or attempted act of physical or sexual violence against the person of another, or a conspiracy to commit any such acts of violence or any criminal activity of which the United States has no knowledge.

The defendant recognizes that the United States' agreement to forego prosecution of all of the criminal offenses with which the defendant might be charged is based solely on the promises made by the defendant in this agreement. If the defendant breaches this plea agreement, the United States retains the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant expressly waives his right to challenge the initiation of the dismissed or additional charges against him if he breaches this agreement. The defendant expressly waives his right to assert a statute of limitations defense if the dismissed or additional charges are initiated against him following a breach of this agreement. The defendant further

understands and agrees that, if the United States elects to file additional charges against him following his breach of this plea agreement, he will not be allowed to withdraw his guilty plea.

8. **Preparation of Presentence Report.** The defendant understands the United States will provide to the Court and the United States Probation Office a government version of the offense conduct. This may include information concerning the background, character and conduct of the defendant, including the entirety of his criminal activities. The defendant understands these disclosures are not limited to the count to which he has pleaded guilty. The United States may respond to comments made or positions taken by the defendant or the defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The United States and the defendant expressly reserve the right to speak to the Court at the time of sentencing pursuant to Rule 32(i)(4) of the Federal Rules of Criminal Procedure.

9. **Withdrawal of Plea.** Either party reserves the right to withdraw from this plea agreement for any or no reason at any time prior to the entry of the defendant's plea of guilty and its formal acceptance by the Court. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible. However, after the plea has been formally accepted by the Court, the defendant may withdraw his plea of guilty only if the Court rejects the plea agreement, or if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that, if the Court accepts his plea of guilty and this plea agreement but subsequently imposes a sentence that is outside the defendant's applicable

Sentencing Guidelines range or imposes a sentence that the defendant does not expect, like or agree with, he will not be permitted to withdraw his plea of guilty.

10. **Agreed Guidelines Applications.** With respect to the application of the Sentencing Guidelines to this case, the parties stipulate and agree as follows:

a. The Sentencing Guidelines do not bind the Court and are advisory in nature. The Court may impose a sentence that is either above or below the defendant's applicable Guidelines range, provided the sentence imposed is not "unreasonable;"

b. The applicable Guidelines sections for the offense of conviction is U.S.S.G. §§ 2T1.1 and 2T4.1, with a **base offense level of 20** (based on a tax loss less than $1,500,000);

c. The defendant has admitted his guilt and clearly accepted responsibility for his actions and has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Therefore, he is entitled to either a **three-level** reduction pursuant to § 3E1.1(a) and (b) of the Sentencing Guidelines. The Government, at the time of sentencing, will file a written motion with the Court to that effect, unless the defendant: (1) fails to abide by all of the terms and conditions of this plea agreement and his pretrial release; or (2) attempts to withdraw his guilty plea, violates the law, or otherwise engages in conduct inconsistent with his acceptance of responsibility;

d. There is no agreement between the parties regarding the defendant's criminal history category. The parties agree that the Court will determine his applicable criminal history category after receipt of the presentence investigation report prepared by the United States Probation Office;

e. The defendant understands that the estimate of the parties with respect to the Guidelines computation set forth in the subsections of this paragraph does not bind the Court or the United States Probation Office with respect to the appropriate Guidelines levels. Additionally, the failure of the Court to accept these stipulations will not, as outlined in paragraph 9 of this plea agreement, provide the defendant with a basis to withdraw his plea of guilty;

f. The United States agrees not to seek an upward departure from the Guidelines. The defendant remains free to seek a downward variance from the Guidelines or a sentence outside the Guidelines range. The agreement by the

Government to not seek a sentence above the mid-point of the Guidelines range is not binding upon the Court or the United States Probation Office and the Court may impose any sentence authorized by law, including any sentence outside the applicable Guidelines range that is not "unreasonable;"

g. The defendant consents to judicial fact-finding by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the determination of any mandatory minimum sentence (including the facts that support any specific offense characteristic or other enhancement or adjustment), and any legally authorized increase above the normal statutory maximum. The defendant waives any right to a jury determination beyond a reasonable doubt of all facts used to determine and enhance the sentence imposed and waives any right to have those facts alleged in the indictment or information. The defendant also agrees that the Court, in finding the facts relevant to the imposition of sentence, may consider any reliable information, including hearsay; and

h. The defendant understands and agrees that the factual admissions contained in paragraph 3 of this plea agreement, and any admissions that he will make during his plea colloquy, support the imposition of the agreed upon Guidelines calculations contained in this agreement.

11. **Effect of Non-Agreement on Guidelines Applications.** The parties understand, acknowledge, and agree that there are no agreements between the parties with respect to any Sentencing Guidelines issues other than those specifically listed in paragraph 10 and its subsections. As to any other Guidelines issues, the parties are free to advocate their respective positions at the sentencing hearing.

12. **Change in Guidelines Prior to Sentencing.** The defendant agrees that, if any applicable provision of the Guidelines changes after the execution of this plea agreement, then any request by the defendant to be sentenced pursuant to the new Guidelines will make this plea agreement voidable by the United States at its option. If the Government exercises its option to void the plea agreement, the United States may charge, reinstate, or otherwise pursue any and all criminal charges that could have been brought but for this plea agreement.

13. **Government's Reservation of Rights.** The defendant understands that the United States expressly reserves the right in this case to:

a. oppose or take issue with any position advanced by the defendant at the sentencing hearing which might be inconsistent with the provisions of this plea agreement;

b. comment on the evidence supporting the charge in the Information;

c. oppose any arguments and requests for relief the defendant might advance on an appeal from the sentences imposed, and that the United States remains free on appeal or collateral proceedings to defend the legality and propriety of the sentence actually imposed, even if the Court chooses not to follow any recommendation made by the United States; and

d. oppose any post-conviction motions for reduction of sentence, or other relief.

14. **Waiver of Constitutional Rights.** The defendant, by pleading guilty, acknowledges that he has been advised of, understands, and knowingly and voluntarily waives the following rights:

a. the right to plead not guilty and to persist in a plea of not guilty;

b. the right to be presumed innocent until his guilt has been established beyond a reasonable doubt at trial;

c. the right to a jury trial, and at that trial, the right to the effective assistance of counsel;

d. the right to confront and cross-examine the witnesses who testify against him;

e. the right to compel or subpoena witnesses to appear on his behalf; and

f. the right to remain silent at trial, in which case his silence may not be used against him.

The defendant understands that, by pleading guilty, he waives or gives up those rights and that there will be no trial. The defendant further understands that, if he pleads guilty, the Court may ask him questions about the offense to which he pleaded guilty, and if the defendant answers those questions under oath and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making a false statement. The defendant also understands that he has pleaded guilty to a felony offense and, as a result, will lose his right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury.

15. **Waiver of Appellate and Post-Conviction Rights.**

a. The defendant acknowledges, understands and agrees that, by pleading guilty pursuant to this plea agreement, he waives his right to appeal or collaterally attack a finding of guilt following the acceptance of this plea agreement, except on grounds of (1) ineffective assistance of counsel; or (2) prosecutorial misconduct.

b. The defendant expressly waives his right to appeal his sentence, directly or collaterally, on any ground except claims of: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; or (3) a sentence imposed in excess of the statutory maximum. However, if the United States exercises its right to appeal the sentence imposed as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may, as part of the Government's appeal, cross-appeal his sentence as authorized by 18 U.S.C. § 3742(a) with respect to any issues that have not been stipulated to or agreed upon in this agreement.

16. **Financial Obligations.** By entering into this plea agreement, the defendant represents that he understands and agrees to the following financial obligations:

a. The defendant agrees to pay restitution of at least $825,297.81 for the tax loss to the Internal Revenue Service ("IRS"), pursuant to 18 U.S.C. § 3663(a)(3), which includes the loss related to the offense to which he is pleading guilty and the loss from uncharged related criminal activity, plus statutory interest calculated through the date of sentencing, said amount to be determined by the Court, payable to the following address:

IRS-RACS
Attn: Mail Stop 6261, Restitution
333 W Pershing Avenue
Kansas City, MO 64108

b. The defendant agrees that the total amount of restitution reflected in this agreement results from the defendant's fraudulent conduct.

c. The defendant understands that the Court's restitution order in this case is criminal restitution and does not include civil penalties that may be imposed and adjustments that may be made by the IRS in a civil examination of the defendant's taxes following the completion of the criminal case.

d. All restitution payments shall be paid by check, shall include this case number in the memo line, and shall be delivered to the Clerk's office or addressed to the Clerk's office at the following address:

United States District Court Clerk's Office
Western District of Missouri
Charles Evans Whittaker Courthouse
400 E. 9th Street, Rm. 1510
Kansas City, Missouri 64106

e. The defendant agrees to pay restitution as ordered by the Court in any restitution order entered pursuant to this plea agreement. The defendant further agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

f. The defendant is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. The defendant understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS. The defendant further understands and agrees that the plea agreement does not resolve the defendant's civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from the defendant relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise the defendant's obligation to pay any remaining civil tax liability. The defendant authorizes release of information to the IRS for purposes of making the civil tax and restitution-based assessments.

g. The United States may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order that may be entered as part of the sentence in this case and to collect any fine.

h. The defendant will fully and truthfully disclose all assets and property in which he has any interest, or over which the defendant exercises control, directly or indirectly, including assets and property held by a spouse, nominee or other third party. The defendant's disclosure obligations are ongoing and are in force from the execution of this agreement until the defendant has satisfied the restitution order in full.

i. Within ten days of the execution of this plea agreement, at the request of the United States Attorney's Office ("USAO"), the defendant agrees to execute and submit: (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submits to the United States Probation Office. The defendant understands that the United States will use the financial information when making its recommendation to the Court regarding the defendant's acceptance of responsibility.

j. At the request of the USAO, the defendant agrees to undergo any polygraph examination the United States might choose to administer concerning the identification and recovery of forfeitable assets, including substitute assets, and restitution.

k. The defendant hereby authorizes the USAO to obtain a credit report pertaining to him to assist the USAO in evaluating the defendant's ability to satisfy any financial obligations imposed as part of the sentence.

l. The defendant understands that a Special Assessment will be imposed as part of the sentence in this case. The defendant promises to pay the Special Assessment of **$100** by submitting a satisfactory form of payment to the Clerk of the Court prior to appearing for the sentencing proceeding in this case. The defendant agrees to provide the Clerk's receipt as evidence of his fulfillment of this obligation at the time of sentencing.

m. The defendant certifies that he has made no transfer of assets or property for the purpose of: (1) evading financial obligations created by this Agreement; (2) evading obligations that may be imposed by the Court; or (3) hindering efforts of the USAO to enforce such financial obligations. Moreover, the defendant promises that he will make no such transfers in the future.

n. In the event the United States learns of any misrepresentation in the financial disclosure statement, or of any asset in which the defendant had an interest

at the time of this plea agreement that is not disclosed in the financial disclosure statement, and in the event such misrepresentation or nondisclosure changes the estimated net worth of the defendant by ten thousand dollars ($10,000) or more, the United States may at its option: (1) choose to be relieved of its obligations under this plea agreement; or (2) let the plea agreement stand, collect the full forfeiture, restitution and fines imposed by any criminal or civil judgment, and also collect 100% (one hundred percent) of the value of any previously undisclosed assets. The defendant agrees not to contest any collection of such assets. In the event the United States opts to be relieved of its obligations under this plea agreement, the defendant's previously entered pleas of guilty shall remain in effect and cannot be withdrawn.

17. **Discovery Waiver.** The defendant waives the right to any further discovery or disclosures of information not already provided at the time of the entry of the guilty plea, other than information required to be disclosed under Federal Rule of Criminal Procedure 32(i)(2) and exculpatory or impeachment information casting doubt upon sentencing factors.

18. **Waiver of FOIA Request.** The defendant waives all of his rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

19. **Waiver of Claim for Attorney's Fees.** The defendant waives all of his claims under the Hyde Amendment, 18 U.S.C. § 3006A, for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

20. **Defendant's Breach of Plea Agreement.** If the defendant commits any crimes, violates any conditions of release, or violates any term of this plea agreement between the signing of this plea agreement and the date of sentencing, or fails to appear for sentencing, or if the defendant provides information to the Probation Office or the Court that is intentionally misleading,

incomplete or untruthful, or otherwise breaches this plea agreement, the United States will be released from its obligations under this agreement. The defendant, however, will remain bound by the terms of the agreement, and will not be allowed to withdraw his plea of guilty.

The defendant also understands and agrees that, in the event he violates this plea agreement, all statements made by him to law enforcement agents subsequent to the execution of this plea agreement, any testimony given by him before a grand jury or any tribunal, or any leads from such statements or testimony, shall be admissible against him in any and all criminal proceedings. The defendant waives any rights that he might assert under the United States Constitution, any statute, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that pertains to the admissibility of any statements made by him subsequent to this plea agreement.

21. **<u>Defendant's Representations</u>.** The defendant acknowledges that he has entered into this plea agreement freely and voluntarily after receiving the effective assistance, advice, and approval of counsel. The defendant acknowledges that he is satisfied with the assistance of counsel, and that counsel has fully advised him of his rights and obligations in connection with this plea agreement. The defendant further acknowledges that no threats or promises, other than the promises contained in this plea agreement, have been made by the United States, the Court, his attorneys, or any other party to induce him to enter his plea of guilty.

22. **<u>Tax Consequences.</u>**

a. Pursuant to 18 U.S.C. § 3663(a)(3), the defendant agrees to pay restitution to the Internal Revenue Service for the 2018 through 2022 tax years, as set forth in the factual basis section of this plea agreement.

b. The defendant agrees that the total amount of restitution reflected in this agreement results from his fraudulent conduct, and he will be estopped in any

subsequent administrative or judicial civil proceeding from denying his liability for the civil fraud penalty for the 2013 through 2024 tax years, inclusive, under 26 U.S.C. § 6663.

c. The defendant agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax liability until the IRS receives payment in full. The Government will provide an updated interest figure at sentencing, which amount the defendant agrees will be included in the Court's restitution order.

d. The defendant agrees to file, prior to sentencing, complete and correct initial or amended tax returns for the years in issue, and that he will not file thereafter any claims for a refund of taxes, penalties, or interest for amounts attributable to the returns filed incident to the plea. If full payment cannot be made immediately, the defendant agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office.

23. **IRS Authority to Use Restitution Order as the Basis for a Civil Assessment.** If the Court orders the defendant to pay restitution to the IRS for the filing of false tax returns and the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment pursuant to 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

24. **No Undisclosed Terms.** The United States and the defendant acknowledge and agree that the above stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the

parties, and that any other terms and conditions not expressly set forth in this agreement or any written supplemental agreement do not constitute any part of the parties' agreement and will not be enforceable against either party.

25. **Standard of Interpretation.** The parties agree that, unless the constitutional implications inherent in plea agreements require otherwise, this plea agreement should be interpreted according to general contract principles and the words employed are to be given their normal and ordinary meanings. The parties further agree that, in interpreting this agreement, any

drafting errors or ambiguities are not to be automatically construed against either party, whether or not that party was involved in drafting or modifying this agreement.

~~JEFFREY P. RAY~~ R Matthew Price
~~Acting~~ United States Attorney
Western District of Missouri

Dated: 8/28/2025

By: [signature]
PATRICK CARNEY
Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offense charged in the Information. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 8-6-2025

[signature]
BURTON CUMMINGS
Defendant

I am defendant Burton Cummings' attorney. I have fully explained to him, his rights with respect to the offense charged in the Information. Further, I have reviewed with him the provisions of the Sentencing Guidelines that might apply in this case. I have carefully reviewed every part of this plea agreement with him. To my knowledge, Burton Cummings' decision to enter into this plea agreement is an informed and voluntary one.

Dated: 8-6-2025

[signature]
CELESTE JOHNS
Attorney for the Defendant